IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNE S. DiLORETO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-989 |
| v. | : | |
| WILLIAM F. COSTIGAN,<br>ERIC R. DINALLO,<br>MARK J. PETERS; and<br>ANDREW J. LORIN, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JEANNE S. DiLORETO, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-990 |
| v. | : | |
| INSURANCE DEPARTMENT OF<br>THE STATE OF NEW YORK,<br>WILLIAM F. COSTIGAN,<br>ERIC R. DINALLO,<br>MARK J. PETERS; and<br>ANDREW J. LORIN, | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                             August 29, 2008

Presently before the Court are Plaintiff's Motions to Remand and Defendants' responses in opposition. For the reasons stated below, Plaintiff's Motions to Remand are denied.

## I. INTRODUCTION

Plaintiff initiated two suits in Pennsylvania state court. She initiated the first suit on September 17, 2007, in the Court of Common Pleas of Philadelphia County (the "Philadelphia

Suit ), naming as defendants, William F. Costigan, Eric R. DiNallo, Mark G. Peters, and Andrew J. Lorin.  Plaintiff initiated the second suit on January 25, 2008, in the Court of Common Pleas of Chester County (the  Chester Suit ), naming the same four defendants, plus an additional defendant, the Insurance Department of the State of New York ( NYSID ).[1]  Defendants Lorin, Peters, and DiNallo filed Notices of Removal in both suits on February 26, 2008, asserting both federal question and diversity jurisdiction.

Plaintiff seeks remand because the Notices of Removal did not have the timely consent of all the defendants.  Neither Notice included proof of Costigan s consent, and the original Notice of Removal in the Chester Suit did not include proof of consent by the NYSID.  While sharing many of the same facts, different issues arise with respect to the Philadelphia and Chester Suits, and as such they are discussed separately.

## II. THE PHILADELPHIA SUIT

### A. Facts

Plaintiff initiated the Philadelphia Suit by filing a Praecipe for Writ of Summons on September 17, 2007. (DiNallo, Peters, and Lorin s Surreply Opp n Plaintiff s Mot. Remand, Ex. A.)  Plaintiff served the Summons on DiNallo, Peters, and Lorin in December 2007. (Id.)  Thereafter, Plaintiff filed the Complaint on January 25, 2008. (Id.)  Plaintiff alleges that she served a copy of the Complaint to Defendants Peters and Lorin on January 29, 2008, and to Defendant DiNallo on February 11, 2008. (Pl. s Mot. Remand ¶6 (citing Exhibit B).)  DiNallo,

---

[1] Because the parties and issues in these two suits are largely the same, this Court will examine these motions together.  In discussion of the Philadelphia Suit, all citations, unless otherwise noted, refer to documents in case No. 08-989; in the Chester Suit discussion, all citations refer to documents in case No. 08-990.

Peters, and Lorin do not dispute these facts.[2]

The facts are less clear with respect to Defendant Costigan. As with the others, Plaintiff served the Summons on Costigan in December 2007, which, again, is not disputed. (Pl.'s Response Defs. Opp'n Pl.'s Mot. Remand, Ex. C.) On December 12, 2007, Albert A. Ciardi, III, Esq., and Thomas Bielli, Esq., entered appearances on behalf of Costigan. (Pl.'s Response, Ex D.) Thereafter, according to Plaintiff's briefing, she "served *via hand delivery*, the complaints to Ciardi's Office" on January 29, 2008. (Id., Ex. E.) As examined in the discussion below, this fact is in dispute and appears to be unsupported.

The parties agree that Plaintiff's counsel then received an email on Feb. 26, 2008, at 4:50 p.m. from Costigan, which stated the following:

> I refer to the Philadelphia and Chester County Actions you have commenced on behalf of Jeanne S. DiLoreto against me and other defendants. I understand you have asked Ciardi & Ciardi to accept service on my behalf. Be advised that I will be appearing *pro se* in the cases and that I acknowledge service of both complaints effective today. I[f] you require something more formal, just send it to me.

(Pl.'s Mot. Remand, Ex. D.) Counsel for the other defendants also received this email. On March 7, 2008, Plaintiff's counsel replied,

> [W]e are in possession of your February 26, 2008 email accepting service of the Complaint . . . . Enclosed you will find an acceptance of service that I am requesting you sign and return to me in the self-addressed, stamped envelope as a more formal record that you have officially been served.

---

[2] DiNallo, Peters, and Lorin concede that "according to Plaintiff's affidavits of service, Plaintiff sent Defendants, Peters and Lorin . . . copies of the complaint on January 29, 2008 . . . [and] to DiNallo on February 11, 2008. (Defs' Opp'n ¶ 6.) However, the Court notes that, Defendants' concessions notwithstanding, the affidavits of service, attached to the Motion as Exhibit B, are unrelated to the Philadelphia Suit, and only reference the Chester Suit. Therefore, there does not appear to be any proof of service of the Complaint in the Philadelphia Suit upon DiNallo, Peters, and Lorin. Since these defendants do not challenge service of the Complaint, the Court need not consider the relevance of this point.

3

(Pl. s Mot. Remand, Ex. B.)

Meanwhile, on February 26, 2008  the same day Costigan sent his email  Defendants DiNallo, Peters, and Lorin filed a Notice of Removal, asserting both diversity and federal question jurisdiction. Counsel delivered the Notice of Removal to a courier at 3:15 p.m. on that date. (DiNallo, Peters, and Lorin s Response Pl. s Mot. Remand, Ex. A.)

### B. Discussion

Under the removal statute, a party sued in state court who wishes to remove the action to federal district court has  thirty days after the receipt . . . , through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .  28 U.S.C. § 1446(b).  The thirty-day limitation is mandatory and the court is without discretion to expand it.  Collins v. Am. Red Cross, 724 F. Supp. 353, 359 (E.D. Pa. 1989). Moreover, the removal statutes  are to be strictly construed against removal and all doubts should be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Under the so-called  rule of unanimity,  where there are multiple defendants, all defendants must either join the petition for removal or consent to it. Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); Ogletree v. Barnes, 851 F. Supp. 184, 186 (E.D. Pa. 1994). Consent must be indicated  clearly and unambiguously.  Ogletree, 851 F. Supp. at 190. There are, however, several exceptions to this rule:  A removing defendant need not join a co-defendant who has not been served, is merely a nominal party, has been fraudulently joined or against whom only separate and independent nonremovable claims are pending.  Collins, 724 F. Supp. at 360.

In addition, this Court adheres to the last-served rule, which mandates that  the

4

last-served defendant may remove within thirty (30) days of service, and other defendants may consent to the later-served Defendant's removal even if their own removal periods have expired. Cmiech v. Electrolux Home Prods, Inc., 520 F Supp. 2d 671, 677 (M.D. Pa. 2007).[3]

There is no dispute that in the Philadelphia Suit, the Notice of Removal filed on February 26, 2008, did not include adequate proof of Costigan's consent. However, Defendants argue that Costigan's consent was not required under the first of the above-listed exceptions to the rule of unanimity—that a removing defendant need not join a co-defendant who has not been served. (Defs' DiNallo, Peters, and Lorin's Response 3-4.)

This brings us to the question of when Costigan was served such that his removal period was triggered.[4] In Murphy Brothers, the Supreme Court examined the kind of process that

---

[3] The Cmiech court, noting that the Third Circuit and the Supreme Court have yet to settle on the last-served rule, observed that courts in different circuits apply different approaches to this question, with some adopting a first-served rule, others an intermediate rule, and, in at least the Sixth and Eighth Circuits, a last-served rule. 520 F. Supp. 2d at 677. The Cmiech court determined, however—and this Court agrees—that the last-served rule fits best with existing Supreme Court precedent. Id.; see also K.S. v. Sch. Dist. of Phila., No. Civ.A. 05-4916, 2005 WL 3150253, at *3 (E.D. Pa. Nov. 22, 2005) (noting that the last-served rule "has been consistently applied by other district courts in this Circuit but never adopted by the Third Circuit").

[4] In discussing the non-service exception to the consent rule, courts typically state simply that parties not "served" need not consent to removal. See, e.g., Lewis, 757 F.2d 66 at 68; Ogletree, 851 F. Supp. at 187. This Court has not found any opinion that has discussed what "service" means for purposes of this exception. If we interpreted service to mean simple service of the summons, clearly Costigan's consent would have been required, since he was served with the Summons on December 7, 2007. If, however, "service" for the purposes of the exception is the same as for the purposes of triggering the removal period under 28 U.S.C. § 1446(b)—as all parties seem to assume in their briefing—we must determine whether Costigan's removal period had been triggered.

This Court concludes that the non-service exception to the consent rule applies to any defendant whose removal period has not been triggered. See Ogletree, 851 F. Supp. at 187 (E.D. Pa. 1994) ("[D]efendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the

triggers the thirty day removal period. 526 U.S. 344. The question proved difficult because the plain meaning of the removal statute the removal period is stated to begin thirty days after the receipt . . . , through service or otherwise, of a copy of the initial pleading setting forth the claim, 28 U.S.C. § 1446(b) suggests that the removal period could begin with simple receipt of the complaint if the complaint were the initial pleading. See id. at 353-54 (discussing the lower court s adoption of the plain meaning interpretation). The Court rejected this proposition, instead concluding that the statute had been revised not to allow the triggering of the removal period without official service of process, but rather to accommodate for the fact that some states such as Pennsylvania allow for service of a summons prior to filing a complaint. Id. The Court concluded, Nothing in the legislative history of the 1949 amendment so much as hints that Congress, in making changes to accommodate atypical state commencement and complaint filing procedures, intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant. Id. at 352-53. The Court went on to detail the various means by which a Plaintiff could trigger the removal period by serving a summons and/or a complaint, depending on the state laws in question:

---

notice of removal or otherwise consent to removal. (emphasis added)). There are two reasons for this conclusion. First, this approach provides consistency; a defendant s removal period is triggered at the same time as is the point his consent is required for removal. Second, this conclusion comports with the underlying reasoning of the removal statute as interpreted by the Supreme Court that a defendant s action on removal is required only after that defendant is served officially and knows the basis of possible removal through receipt of a complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220-23 (3d Cir. 2005). Therefore, this Court concludes that a removing defendant need not obtain the consent of a defendant whose removal period has not been triggered.

> First, if the summons and complaint are served together, the 30-day period for removal runs at once.  Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint.  Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing.  Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

Id. at 353 (adopting the framework laid out in Potter v. McCauley, 186 F. Supp. 146 (D. Md. 1960)).  In the Third Circuit, courts have interpreted Murphy Brothers to require that when the summons is served prior to the complaint, the defendant must receive a copy of the actual complaint to trigger the removal period. See Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 221-23 (3d Cir. 2005); Lane v. CBS Broadcasting Inc., 08-CV-0777, 2008 WL 910000, at *6 (E.D. Pa. Apr. 2, 2008) (concurring with the conclusion of several courts in this Circuit interpreting both Murphy Brothers and Sikirica to require receipt of the actual complaint — as opposed to a draft complaint or some other paper indicating the grounds for removal — to trigger the removal period).

      Here, Plaintiff served the Summons upon Costigan in December 2007 and then filed the Complaint in state court on January 25, 2008.  Thus, this case fits within the second of the scenarios listed in Murphy Brothers,[5] meaning that Costigan's removal period was triggered by his receipt of the complaint.  See Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) ("Where, as here, defendants are served with a summons and the complaint is

---

[5] We are not in the third scenario — triggering the removal period by simple filing of the complaint — because, under Pennsylvania law, the complaint must be served upon all the parties. See Pa. R. Civ. P. 430; see also Clymire v. McKivitz, 504 A.2d 937, 939 (Pa. Super. Ct. 1986) (concluding that the action was "fatal[ly] flawed" because "[t]he record in this case does not disclose that the complaint was ever served upon [Defendant]").

filed at a later date, the thirty day period commences from the time the defendants received a copy of the complaint.  (citing Murphy Brothers)).

The simple question thus becomes, when did Costigan receive the Complaint?  In her initial Motion to Remand, Plaintiff argued that service of the Complaint occurred when Costigan sent the email on February 26, 2008, in which he acknowledged receipt of the Complaint. (See Pl.'s Mot. Remand ¶¶ 10-11.)  This argument is unavailing, however, because on that same date, February 26, Defendants DiNallo, Lorin, and Peters had already filed their Notice of Removal.  These defendants have included un-refuted evidence that the Notices were delivered to a courier at 3:15 that afternoon.  Thus, the Notice of Removal had already been sent to the Court by the time Costigan sent his email indicating receipt of the Complaint.  Therefore, the Court concludes that Costigan's consent to removal was not required. See Laurie v. Nat'l R.R. Passenger Corp., No. Civ.A. 01-6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar. 13, 2001) (Fullam, J.) ("I believe that the better rule is that . . . a defendant is required to obtain consent only from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served.").

Plaintiff added a new argument[6] in her Response to Defendants' opposition brief: "upon reexamination of the facts of this case, it was made clear to Plaintiff that Mr. Costigan had received a copy of the Complaint when his counsel of record, Mr. Ciardi III, Esquire, was served with the Complaint on January 29, 2008." (Pl.'s Response 1.)  To demonstrate this fact, Plaintiff

---

[6] The Court need not accept arguments set forth for the first time in responsive papers. See United States v. Martin, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues."). Even so, the Court concludes, as discussed below, that the new argument is without merit, and therefore has no bearing on the outcome.

8

attached an affidavit of service. (See id., Ex. E.) However, this affidavit only references the Chester Suit, and thus does not evidence service of the Philadelphia Suit Complaint on Costigan.[7] Because the February 26 email, sent at 4:50 p.m., is the only evidence before the Court that Costigan ever received the Philadelphia Suit Complaint, the Court can only conclude that the Complaint was first received by Costigan at that time.

The Court thus finds that when DiNallo, Lorin, and Peters filed their Notice of Removal, they were not required to gain Costigan s consent. Therefore, the Notice was neither untimely, nor lacking in unanimity. For all these reasons, Plaintiff s Motion for Remand in the Philadelphia Suit is denied.

## III. THE CHESTER SUIT

### A. Facts

Unlike in the Philadelphia Suit, Plaintiff initiated the Chester Suit by filing the Summons and Complaint together, on January 25, 2008. Defendants Peters and Lorin were served on January 29, 2008, and Defendant DiNallo on February 11, 2008. (Pl. s Mem Supp. Mot. Remand, Ex. A.) The NYSID was served on February 1, 2008. (Id., Ex.B.) According to a signed affidavit, Plaintiff attempted to serve Costigan by sending the Complaint alone to his attorneys of record in the Philadelphia Suit. However, the Attorneys never officially accepted service on Costigan s behalf. Costigan himself also did not respond, until the February 26 email

---

[7] Plaintiff s Response, which states,  Plaintiff served *via hand delivery*, the Complaints to [Costigan s attorney],  is misleading. (See Pl. s Response 4 (emphasis in original).) The affidavit only references one complaint   the Chester Suit complaint   yet in an apparent attempt to piggy-back the other Complaint on this affidavit, the Response says the  Complaints  were served.

9

quoted above, which referenced both the Philadelphia and Chester Suits. Therein, he acknowledge[d] service and asked if anything more formal was required. Again, as quoted above, the attorney for the Plaintiff responded by sending a form requesting a more formal record that Costigan had been served. Costigan returned that form on March 31, 2008.

Meanwhile, on February 26, 2008, Defendants DiNallo, Peters, and Lorin filed a Notice of Removal, again asserting both diversity and federal question jurisdiction. The Removal Notice included no proof of consent from Defendant Costigan or the NYSID. On March 31, 2008, at the same time as he returned the formal record of his being served, Costigan filed a new Notice of Removal, with each of the other defendants consenting, including the NYSID. (Docket No. 7; Id., Ex. C).

### B. Discussion

Once again, Plaintiff argues for remand based on Defendants DiNallo, Peters, and Lorin s failure to gain consent to removal from all the defendants. Defendants DiNallo, Peters, and Lorin respond by arguing that Defendant Costigan had not been served with the Summons or the Complaint at the time the original Notice of Removal was filed on February 26. In fact, Costigan was not officially served, according to these Defendants, until March 31, 2008, when he returned the acceptance of service. Therefore, it was only at that time that his removal period began. Under the last-served defendant rule, Costigan could then remove the entire case by simply filing a notice of removal and getting the consent of the other defendants, which is precisely what he did. Plaintiff responds to this argument with the contention that service was perfected by February 26, at the latest, with Defendant s email which, by its own terms, acknowledg[ed] service.

The central issue, then, is when official service, with respect to Costigan, occurred. Unlike in the Philadelphia Suit, the issue here is initial service, not simple receipt of the Complaint. As <u>Murphy Brothers</u> makes clear, the removal period cannot begin by mere receipt of the complaint unattended by any formal service. 526 U.S. at 351. There must be either service of process []or waiver of service by the defendant. <u>Id.</u> at 350. The question of whether service, or waiver thereof, occurred remains a question of state law. <u>Cmiech v. Electrolux Home Prods., Inc.</u>, 520 F. Supp. 2d 671, 674 (M.D. Pa. 2007) (citing <u>Murphy Bros.</u>, 526 U.S. 353). The rules governing formal service in this state are set out in the Pennsylvania Rules for Civil Procedure. <u>See</u> Pa. R. Civ. P. 402-04. Plaintiff does not argue that its attempts to serve Costigan satisfied any of these provisions. Instead, Plaintiff argues that Costigan waived his right to formal service.

Pennsylvania courts have recognized that service of process may be obtained through waiver or consent. <u>Fleehr v. Mummert</u>, 857 A.2d 683, 685 (Pa. Super. Ct. 2004). A defendant manifests an intent to submit to the court s jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service. <u>Id.</u> (quoting <u>Cathcart v. Keene Industrial Insulation</u>, 471 A.2d 493, 499 (Pa. Super. Ct. 1984)). In <u>Cmiech</u>, the District Court for the Middle District of Pennsylvania considered what constitutes waiver of service in Pennsylvania. There, the attorneys for the defendant had agreed to consolidate the case with another related case, and had engaged in numerous discussions with the plaintiffs counsel regarding extensions of time, but there was no proof of official service. <u>Cmiech</u>, 520 F. Supp. 2d at 675. In determining whether these actions constituted waiver, the district court analyzed

several Pennsylvania cases and highlighted the kinds of actions that have constituted waiver, including when "a defendant filed and served interrogatories on the plaintiff, answered a complaint by another party in the case, [] filed a complaint to join another party as an additional defendant . . . , [or] when the defense attorney went before the court and agreed to consolidate a related arbitration action with the plaintiff's case." Id. (citing O'Barto v. Glossers Stores, Inc., 324 A.2d 474, 475-76 (1974), and Fleehr, 857 A.2d at 685-86). Synthesizing these cases, the court noted that "through their interaction with the court[,] . . . defendants in the above cases acted in such a way as to submit themselves to the authority of the court." Id. Applying this principle to the facts before it, the Cmiech court found no waiver to service because, "[a]lthough defense counsel's behavior toward plaintiff's counsel may have evidenced some intent to forego objection to the defective service, their behavior fell short of submitting to the jurisdiction of the court, and thus actually waiving any such objection." Id. (alterations removed and citations and internal quotation marks omitted).

Here, Plaintiff argues that Costigan waived service with three actions: (1) when, on January 29, 2008, attorneys for Costigan received a copy of the Complaint and indicated that Costigan would be willing to accept service; (2) when, on February 7, 2008, Plaintiff filed and served on Costigan's counsel a Motion to Coordinate, which included appended copies of the Complaint; and (3) when, on February 26, 2008, Costigan sent the email that "acknowledg[ed]" service. (Pl.'s Mot Remand 5-7.) The Court can easily dispense with the first two of these points. Mere receipt of the complaint clearly does not signify submission to the authority of the court; if it did, there would never be a need for formal service. Alleged assurances made by Costigan's lawyers that accepting service "would not be a problem" likewise does not constitute

waiver. They were merely negotiating a possible acceptance of service, a process that frequently occurs, but does not, in and of itself, indicate the parties are foregoing all objections to service. Moreover, through these actions, Costigan did not interact with the court, as the Cmiech court indicated was the key to waiving service, 520 F. Supp. 2d at 687, and the substance of the communications did not at all reach the merits of the case. See Fleehr, 857 A.2d at 685. These actions therefore do not constitute waiver of service of process.

The Plaintiff has a better, though ultimately unavailing, argument with respect to the February 26 email sent by Costigan. In that email, Costigan stated, I acknowledge service of both complaints effective today. I[f] you require something more formal, just send it to me. We first note that this email does not constitute acceptance of service under the Pennsylvania rules, which require a form be filed with the court to signify acceptance of service. Pa. R. Civ. P. 402(b). The question is whether by sending this email, Costigan waived all future objections to defective service. This Court concludes that Costigan did not. First, once again, this communication does not touch on the merits of the case. Second, Costigan was not interacting with the court such that we can infer Costigan submitted to the authority of the court. Third, Costigan merely acknowledged service but did not say that he accepted service or that he would proceed without challenging service. Fourth, it does not even appear that Plaintiff s counsel understood Costigan s email as valid proof of service. Indeed, Plaintiff did the prudent thing and sent Costigan an acceptance of service card to return so that he could formally accept service. Costigan returned the signed card, and thereby accepted service on that date March 31, 2008. Service was not complete until then.

Thus, according to Murphy Brothers, it was also not until March 31, 2008, that

Defendant Costigan s removal period began.  He filed his Notice of Removal on the same date.  He gained the consent of all the parties in that Notice.  Therefore, under the last-served defendant rule, his Notice was timely and also satisfied the rule of unanimity.

## IV.  CONCLUSION

For all these reasons, the Motions to Remand in both the Philadelphia Suit and the Chester Suit are denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNE S. DiLORETO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-989 |
| | : | |
| v. | : | |
| | : | |
| WILLIAM F. COSTIGAN, | : | |
| ERIC R. DINALLO, | : | |
| MARK J. PETERS; and | : | |
| ANDREW J. LORIN, | : | |
| | : | |
| Defendants. | : | |
| JEANNE S. DiLORETO, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-990 |
| | : | |
| v. | : | |
| | : | |
| INSURANCE DEPARTMENT OF | : | |
| THE STATE OF NEW YORK, | : | |
| WILLIAM F. COSTIGAN, | : | |
| ERIC R. DINALLO, | : | |
| MARK J. PETERS; and | : | |
| ANDREW J. LORIN, | : | |
| | : | |
| Defendants. | :: | |

**ORDER**

AND NOW, this of _29th_ day of August, 2008, upon consideration of

Plaintiff s Motions for Remand (Docket No. 6, 08-cv-989; Docket No. 6, 08-cv-990), Defendants

Dinallo, Peters, and Lorin s Responses (Docket No. 8, 08-cv-989; Docket No. 9, 08-cv-990),

Defendant New York State Insurance Department s Memorandum of Law in Opposition to

Plaintiff s Motion to Remand (Docket No. 16, 08-cv-990), Plaintiff s Responses to Defendants

Opposition (Docket No. 15, 08-cv-989; Docket No. 18, 08-cv-990), and Defendants DiNallo, Peters, and Lorin s Replies to Plaintiff s Responses (Docket No. 16, 08-cv-989; Docket No. 19, 08-cv-990), it is hereby **ORDERED** that Plaintiff s Motions to Remand are **DENIED**.

BY THE COURT:

_S/ *RONALD L. BUCKWALTER*_

RONALD L. BUCKWALTER, S.J.